FILED
SUPERIOR COURT
OF GUAM

2022 MAY 27 PM 4: 01

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| HUEY P. DOMINGUEZ, GABRIEL F. DOMINGUEZ, and EKATERINA DOMINGUEZ (for themselves and as representatives for minor HUEY P. DOMINGUEZ), <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. NAVAL HOSPITAL GUAM, <br><br> Defendants. | CIVIL CASE NO. CV0535-20 <br><br><br> **DECISION AND ORDER** <br> Defendant's Motion to Dismiss |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on March 15, 2022, for a hearing on the Motion to Dismiss. Present at the hearing were: Plaintiffs Ekatrina and Gabriel Dominguez ("Plaintiffs") *pro se*, and Attorney Mikel W. Schwab for Defendant U.S. Naval Hospital Guam ("Defendant"). At the hearing, Defendant submitted on its brief and the Court took the matter under advisement. Having considered the brief and the applicable law, the Court hereby **GRANTS** Defendant's Motion to Dismiss.

## BACKGROUND

The instant case arises from Plaintiffs' Complaint Alleging Negligence filed on July 28, 2020. A scheduling conference was held on February 25, 2021, where the Court explained the rules and process to Plaintiffs.

Then on March 25, 2021, a scheduling hearing was held. At the hearing Defendant argued that the instant case is proper under the Federal Tort Claims Act ("FTCA") through the Guam District Court. After the hearing Defense counsel contacted Plaintiffs and explained the same.

Then on August 3, 2021, Defendant filed its Memorandum of Points and Authorities in Support of its Motion to Dismiss wherein it argues that dismissal is proper because (1) Plaintiffs can only make a claim under the FTCA; (2) that this Court lacks subject matter jurisdiction; and (3) service on Defendant was improper. No Opposition was filed by Plaintiffs. A hearing on the motion was held on March 15, 2022, where Defendant submitted on its brief and the Court took the matter under advisement.

## DISCUSSION

### I. THIS COURT LACKS SUBJECT MATTER JURISDICTION.

Defendant moves to dismiss on the grounds of lack of subject matter jurisdiction. *See* Guam R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(1). The party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 376 (1994). The Superior Court of Guam's jurisdiction is provided in the Organic Act, which states:

> Except as granted to the Supreme Court of Guam or otherwise provided by this chapter or any other Act of Congress, the Superior Court of Guam and all other local courts established by the laws of Guam shall have such original and appellate jurisdiction over

all causes in Guam as the laws of Guam provide, *except that such jurisdiction shall be subject to the exclusive or concurrent jurisdiction inferred on the District Court of Guam under 1424 of this title.*

48 U.S.C. § 1424-1(d) (emphasis added). The FTCA is an Act of Congress that allows a plaintiff to bring certain state-law suits against the federal government. *Brownback v. King*, 141 S. Ct. 740, 745(2021). The FTCA waived the sovereign immunity of the United States for certain torts committed by federal employees" acting within the scope of their employment. *Id.* at 746; citing *FDIC v. Meyer*, 510 U.S. 471, 475-76 (1994). Under the FTCA, plaintiffs are required to bring their claims *in federal district court*. Federal courts have jurisdiction over these claims if they are actionable. A claim is actionable if it alleges the six elements of 28 U.S.C. § 1346(b), which are that the claim be:

> (1) against the United States, (2) for money damages, ... (3) for injury or loss of property, or personal injury or death, (4) caused by the negligent or wrongful act or omission of any employee of the Government, (5) while acting within the scope of his office or employment, (6) under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback*, 141 S. Ct. at 746 (emphasis added); citing *Meyer*, 510 U.S. at 477.

Here, dismissal is proper two reasons. First, the FTCA gives federal district courts exclusive jurisdiction over suits against the federal government. Plaintiffs are suing Defendant U.S. Naval Base Guam, which is a part of the federal government. *See* Compl. (Jul. 28, 2020). Therefore, the instant case falls within the domain of the FTCA and subject matter jurisdiction lies with the Guam District Court, not this Court. Second, Plaintiffs not only fail to establish subject matter jurisdiction, but they also fail to file an opposition.

As such the Court **GRANTS** Defendant's Motion to Dismiss on the grounds that it lacks subject matter jurisdiction. This holding is dispositive of all the issues in the instant motion; therefore, the Court will not address Defendant's argument regarding dismissal for insufficient service of process.

**CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED** MAY 2 7 2022 .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam